IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| LEONARD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 09 C 2333 |
| THOMAS DART, Sheriff of Cook County, in | ) | |
| his official capacity; HOWARD DAVIS, | ) | Judge Virginia M. Kendall |
| corrections officer, in his individual and official | ) | |
| capacities; OTIS NICHOLS, corrections officer, | ) | |
| in his individual and official capacities; and | ) | |
| COOK COUNTY, an Illinois municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leonard Taylor ("Taylor") filed a Second Amended Complaint against Thomas Dart ("Dart"), Howard Davis ("Davis"), Otis Nichols ("Nichols"), and Cook County ("County") (together "Defendants") alleging violations of 42 U.S.C. § 1983 and Illinois state law.[1] Count I alleges that Davis and Nichols violated the Fourteenth Amendment in their individual capacities; Count II alleges that all Defendants violated the Fourteenth Amendment in their official capacities; and Count III alleges that Davis and Nichols assaulted and battered Taylor in their individual capacities. Defendants move for partial dismissal: specifically, they seek to dismiss Dart and the County and to dismiss the official capacity charges against all Defendants. For the following reasons, the Court grants Defendants's Motion to Dismiss Count II: the Court dismisses all official capacity claims and

---

[1] Taylor's Second Amended Complaint also named the Cook County Department of Corrections ("CCDC") as a defendant, but Taylor, in his Response to Defendants's Motion to Dismiss, agreed to dismiss the CCDC as a defendant from the case. (Doc. 106 at 8 n. 3.)

Dart and the County are dismissed from the case. Counts I and III remain; Taylor may file an Amended Complaint stating an indemnification claim against the County within 14 days.

## STATEMENT OF FACTS

The following facts are taken from Taylor's Second Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

On September 7, 2007, Taylor, a pretrial detainee of the Cook County Jail ("CCJ"), was transferred from Division 10 of the CCJ to Division 9. (Second Amd. Compl. ¶¶ 6, 12.) Taylor brought a bag of his belongings, including items he had recently purchased at the commissary. (*Id*.) Upon arriving at Division 9, Taylor and approximately ten other inmates were instructed to enter a temporary holding cell while their bags and belongings were searched. (*Id*. ¶ 13.) Taylor was released from the holding cell approximately two hours later and went to retrieve his belongings. (*Id*. ¶ 14.)

Taylor noticed that several of his belongings—including books, magazines, and purchases he made at the commissary—were missing. (*Id*. ¶ 15.) He asked about his missing belongings but received no response. (*Id*. ¶ 17.) He then collected what remained of his belongings and walked towards the North Tower, where Nichols, a corrections officer at the CCJ, was watching the line. (*Id*.)

Taylor continued to ask those around him about his missing belongings. (*Id*. ¶ 18.) Davis, a corrections officer at the CCJ, approached Taylor from behind and told Taylor to "shut the fuck up because you don't want any trouble with me." (*Id*.) Nichols also approached Taylor and told Taylor to "shut the fuck up." (*Id*. ¶ 19.)

Taylor "responded to these threats" and was then struck by both Davis and Nichols in rapid

succession. (*Id.* ¶ 20.) Taylor was hit on both sides of his head and face and was then slammed on the ground. (*Id.*) Davis leapt on Taylor's back and forced him to lie on his chest. (*Id.*) Davis and Nichols continued to hit Taylor on his head and face. (*Id.* ¶ 22.) Other officers joined and continued to beat and kick Taylor. (*Id.* ¶ 23.) Taylor lost consciousness for several seconds when he was struck in the back of the head with a hard object. (*Id.*)

Taylor regained consciousness and realized that he was still pinned to the ground with Davis on top of him. (*Id.* ¶ 24.) Davis pulled Taylor to his feet by pulling up on Taylor's handcuffs. (*Id.*) Taylor was dragged and thrown into a bullpen. (*Id.*)

An hour later, Taylor was taken to Cermak Health Services of Cook County where he was treated for his injuries. (*Id.* ¶ 25.) As a result of the beatings, Taylor suffered physical injuries and severe pain including a black eye, two large knots in the back of his head, extensive brusing to his face and back, and severe pain in his back and left shoulder. (*Id.* ¶ 26.) Taylor underwent treatment and physical therapy for his injuries and has been prescribed pain medication. (*Id.*) Taylor continues to suffer pain in his left shoulder. (*Id.*)

Taylor initially filed suit, *pro se*, against Dart, Davis, and Nichols in their individual capacities on April 16, 2009. (Doc. 1.) Taylor's Complaint stated that Dart, Davis, and Nichols violated his constitutional rights and that Taylor was seeking compensatory damages against them individually. (*Id.*) The Court dismissed the charges against Dart on December 4, 2009 but kept Dart as a party to the case until Davis and Nichols were properly named and served. (Doc. 23.) Taylor filed a Motion to Amend his Complaint on March 18, 2010 stating explicitly that he was removing Dart from the Amended Complaint and that Dart was no longer a defendant in the case. (Doc. 37.) Taylor then filed his First Amended Complaint, *pro se*, on April 5, 2010. (Doc. 42.) Taylor's First

Amended Complaint again stated that Davis and Nichols individually violated his constitutional rights and that Taylor was seeking compensatory damages against them individually. (*Id.*)

The Court appointed counsel to Taylor and Taylor filed a Second Amended Complaint, with the assistance of counsel, on March 3, 2011. Taylor's Second Amended Complaint made, for the first time, official capacity claims against Davis, Nichols, Dart, and the County. (Doc. 86.)

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

## DISCUSSION

I.      **Rule 15(c)**

Defendants argue that Taylor's addition of official capacity claims to the Second Amended

Complaint violates Rule 15(c) and is barred by the applicable statute of limitations and the law of the case doctrine.

## A. Relation Back

Section 1983 claims in Illinois are governed by Illinois's two-year statute of limitations on personal injury actions. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Rule 15(c)(1) allows amendment to a pleading that would otherwise be time-barred when the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c). An amendment that seeks to add a new party relates back when it: asserts a claim that arises out of the same conduct, transaction, or occurrence set out in the original pleading; and when the party to be brought in received notice of the action such that the party will not be prejudiced, and knew or should have known that the action would have been brought against it but for a mistake concerning the party's identity. *Id*. Amendments pursuant to Rule 15(c) relate back to the original complaint where "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (internal citation omitted). A mistake is not a lack of knowledge; the plaintiff must have actually erred in naming the proper defendant. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). Moreover, "the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *King*, 201 F.3d at 914.

Here, the incident giving rise to the lawsuit occurred on September 7, 2007 and Taylor timely filed his § 1983 suit against Dart, Davis, and Nichols in their individual capacities on April 16, 2009, tolling the statute of limitations as to those defendants. The caption of Taylor's initial Complaint stated that he was filing suit against Dart, Davis, and Nichols in their individual capacity, and he

5

repeated, in the body of the Complaint, that Davis and Nichols violated his constitutional rights and that they were being sued in their individual capacity. *See Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("in a suit where the complaint alleges the tortious conduct of an individual acting under color of state law, an individual capacity suit plainly lies, even if the plaintiff failed to spell out the defendant's capacity in the complaint.") Moreover, Taylor sought relief in the form of compensatory damages, not injunctive relief. *See id*. (noting that a complaint seeking injunctive relief against a state official implies that it is an official capacity suit). Nothing in Taylor's Complaint suggested that it was the policy or custom of CCJ officials to use excessive force on pretrial detainees.

After the Court dismissed the charges against Dart, Taylor filed a Motion to Amend his Complaint, where he explicitly stated that he was removing Dart as a defendant from the case. Taylor then filed a First Amended Complaint naming only Davis and Nichols. Consistent with his initial Complaint, Taylor stated that he was suing Davis and Nichols in their individual capacities for actions they took under color of state law. Taylor again only sought compensatory damages, not injunctive relief.

Taylor now attempts to add official capacity charges against Davis and Nichols and to add Dart and the County as parties in their official capacities. Because the statute of limitations has passed, Taylor may only add these parties and claims if they relate back to the date of the original Complaint and would have been brought but for a mistake on Taylor's part.

i.      **Dart**

Taylor claims that the official capacity claims alleged against Dart in the Second Amended Complaint relate back to the initial Complaint. The Court disagrees.

6

It is undisputed that the claims against Dart arise out of the same events as set forth in Taylor's initial Complaint. It is also undisputed that Dart was once named as a party in this case and, as such, was made aware of Taylor's claims against him in his individual capacity. Nonetheless, the Court finds that the failure to keep Dart as a defendant and the failure to allege official capacity claims against him in the initial Complaint were not due to a mistake.

Indeed, the fact that Dart was made aware of the charges by being named in the original Complaint does not allow Taylor to claim that the proposed addition of Dart relates back to the Complaint unless Taylor can also demonstrate that Dart's absence from the First Amended Complaint was due to a mistake. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) ("in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)] whether or not the purported substitute party knew or should have known that the action would have been brought against him.") (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). As discussed above, there is no indication that Taylor was attempting to include an official capacity claim against Dart in his initial or First Amended Complaints. Those Complaints explicitly made individual capacity claims, alleged violations of constitutional rights through isolated incidents of individual actions taken under color of state law, and sought relief in the form of compensatory damages. Taylor did not reference a policy or custom of using excessive force against pretrial detainees until he filed his Second Amended Complaint in March of 2011, well after the statute of limitations had run.

Moreover, Taylor's reliance on *Hill* is unavailing. In *Hill*, the Seventh Circuit held that an amendment to a complaint related back under Rule 15(c) and allowed the plaintiff to change the capacity in which he had sued the defendant from official to individual. 924 F.2d at 1378. The court

noted that the facts and causes of action in the plaintiff's complaint were clearly those alleging an individual capacity suit and that it was obvious that the plaintiff had simply mislabeled it as an official capacity one. *See id*. The court further found that the defendant would not be prejudiced or surprised by the plaintiff's decision to amend the complaint, since the defendant was timely named in the original complaint. *See id*.

Here, unlike in *Hill*, Dart was not continuously a defendant in this suit, having been dismissed by the Court and also removed as a defendant by Taylor. In addition, the facts alleged in the initial Complaint and First Amended Complaint do not indicate an official capacity claim but are rather, quite clearly, a claim that Davis and Nichols individually violated Taylor's constitutional rights by their isolated actions. *See id*. ("The original *pro se* complaint was against [the defendant] individually because it did not allege that he was sued in his official capacity and because it clearly alleged [the defendant's] individual violation of [plaintiff's] constitutional rights."). While the Seventh Circuit allowed the plaintiff in *Hill* to amend his complaint to change the capacity in which the defendant was sued, the Court also noted that the allegations in the complaint "remained the same throughout the course of the litigation," minimizing any chance of prejudice. *Id*. at 1377. Here, conversely, Taylor is attempting to add new allegations of a widespread pattern or custom of abuse at the CCJ, allegations which were not presented in any way in Taylor's initial Complaint or First Amended Complaint. Taylor is also attempting to add these allegations to a defendant against whom charges were dismissed in 2009. *See, e.g., Pierce v. City of Chi.*, 2010 WL 4636676 at *4 (N.D. Ill. Nov. 8, 2010) (Dow, J.) (finding no mistake of fact and denying relation back under Rule 15(c) because the plaintiff knew of the existence of the defendant when he filed his initial complaint, yet waited until after the statute of limitations had passed to try and add him as a party).

The Court acknowledges that Taylor's initial Complaint was filed without the assistance of counsel, and the Court continues to construe the claims of *pro se* litigants liberally. The Court, however, sees no indication that Taylor failed to allege official capacity claims against Dart in his initial Complaint because of a mistake. Instead, Taylor's initial Complaint consistently and clearly laid out a cause of action relating to individual capacity claims, and his First Amended Complaint withdrew all charges against Dart. *See Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2496 (2010) ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)[] are not met.").

Therefore, the Court finds that the addition of Dart in his official capacity does not relate back to the initial Complaint or the First Amended Complaint and the failure to name Dart in his official capacity was not due to a mistake. As such, the amendment to add Dart is time-barred and the Court need not address Defendants's law of the case arguments. The Court grants Defendants's Motion to Dismiss Count II as it relates to Dart.

### ii. Davis and Nichols

Similarly, the Court finds that Taylor's attempt to add official capacity claims against Davis and Nichols is time-barred. While *Hill* allowed a plaintiff to change the capacity in which a defendant was sued, the facts in *Hill* are distinguishable. As discussed above, Taylor's initial Complaint and First Amended Complaint made no mention of a policy or custom of pretrial detainee abuse, nor did they seek injunctive relief. Rather, Taylor alleged that Davis and Nichols violated his constitutional rights while engaging in an isolated incident of excessive force. Therefore, unlike

*Hill*, where the plaintiff was allowed to amend a complaint alleging an official capacity claim against a defendant where the complaint's facts and allegations were indicative of an individual capacity suit, Taylor correctly named his initial suit an individual capacity one. *See Hill*, 924 F.2d at 1374 (noting that the complaint, "when read in its entirety plainly shows that an individual capacity suit was intended."). Taylor does not convincingly point to any mistake that he made in his Complaint or First Amended Complaint that would justify his proposed amendment to bring official capacity claims against Davis and Nichols long after the statute of limitations has run. Therefore, the Court finds that the official capacity claims against Davis and Nichols do not relate back and, as such, are time-barred.

Moreover, the Court notes that Davis and Nichols are alleged, in the Second Amended Complaint, to be corrections officers and employees of Dart and the CCDOC. There are no allegations that Davis or Nichols were final policymakers or that they had final policymaking authority over CCDOC operations. *Cf. DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000) (noting that "Illinois *sheriffs* have final policymaking authority over jail operations.") (emphasis added). Therefore, Taylor cannot support official capacity claims against Davis or Nichols as final policymakers. *See Guzman v. Sheahan*, 495 F.3d 852, 860 (7th Cir. 2007) (finding that plaintiff's official capacity claim against subordinate officers who are not final policymakers must fail).

Taylor's reliance on *Ruffin* and *Richardson* is also unavailing. In *Ruffin*, the district court dismissed the official capacity claims that were alleged against two CCJ officers. *Ruffin v. Aramark*, 2010 WL 4928894 at *2 (N.D. Ill. Nov. 29, 2010) (Feinerman, J.). Similarly, in *Richardson*, the Court merely clarified that a plaintiff in a § 1983 case may sue individuals in their individual

capacities for constitutional violations and also sue a municipality in its official capacity. *Richardson v. City of Chi., Ill.*, 2011 WL 862249 at *11 (N.D. Ill. March 10, 2011) (Kendall, J.). Here, as already discussed, claims relating to a widespread custom or practice of pretrial detainee abuse were not raised or alluded to in Taylor's initial Complaint or his First Amended Complaint. Nor is there any indication, given the consistency of the individual claims in Taylor's initial Complaint and First Amended Complaint, that Taylor mistakenly left out allegations of a custom or practice of pretrial detainee abuse. As such, taking Taylor's initial Complaint and First Amended Complaint in their entirety, Taylor's official capacity claims are time-barred because they do not relate back and their exclusion was not due to mistake.

Therefore, the Court grants Defendants's Motion to Dismiss Count II as it relates to the official capacity claims against Davis and Nichols.

### iii.      Cook County

Taylor clarified in his response to Defendants's Motion to Dismiss that his claim against the County was based on its role as a necessary and indispensable party to the suit to indemnify Davis, Nichols, and Dart. Therefore, the Court permits Taylor to amend his Second Amended Complaint to allege an indemnification charge against the County relating to the charges in Counts I and III against Davis and Nichols. The claim in Count II against the County, however, is dismissed.

## CONCLUSION AND ORDER

For the reasons stated, the Court finds that the official capacity claims against Dart, Davis, and Nichols do not relate back to the initial, timely-filed Complaint or the First Amended Complaint and, as such, are time-barred. The Court therefore grants Defendants's Motion to Dismiss Count II: the Court dismisses the official capacity claims against all Defendants and Dart and the County are dismissed from the case. Counts I and III remain and Taylor may file a Third Amended Complaint alleging an indemnification claim against the County within 14 days.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: June 6, 2011